**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBIN D. MCCUSKER** :
**Plaintiff,** : **C.A.**

**VS.** : CA 08 144 ML

**WASHINGTON MUTUAL BANK, FA**
**Defendant** :

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Washington Mutual Bank, FA (hereinafter "WAMU") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

### PARTIES AND FACTS

4. Plaintiff Robin D. McCusker resides in Wyoming, Rhode Island.

5. On or about October 28, 2005, Plaintiff McCusker obtained a loan from WAMU,

secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff McCusker received or signed the following documents:

1. A note in the principal amount of $185,000.;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 1; and
5. A HUD-1 Settlement Statement.

7. On or about April 3, 2008, Plaintiff McCusker exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to WAMU.

**DEFENDANT**

8. Defendant Washington Mutual Bank (hereinafter "WAMU"), is a savings bank with offices throughout the United States and does business in Rhode Island.

9. WAMU enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

10. WAMU is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**COUNT I - TRUTH IN LENDING ACT**

11. Plaintiff incorporates ¶¶ 1-10 as if fully set out herein.

12. Because the refinance transaction referenced herein was secured by the Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that

home, it was subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

13. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23, and requires that "**a creditor shall deliver <u>two copies</u> of the notice of the right to rescind <u>to each consumer entitled to rescind</u>**" (Emphasis added). More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(ii) The consumer's right to rescind the transaction.**

**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv) The effects of rescission, as described in paragraph (d) of this section.**

**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

14. In connection with the Plaintiff's loan, WAMU failed to provide the required

disclosures of the plaintiff's right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reason:

**Failure to deliver two notices of the right to rescind**

15. Plaintiff McCusker was provided with only one (1) copy of the notice of right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

16. By failing to indicate the date by which the right to cancel had to be exercised Long Beach Mortgage Company failed to give Plaintiff clear and conspicuous notice of her right to cancel the transaction, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

17. Therefore, Plaintiff is entitled to rescind her mortgage.

18. Plaintiff gave WAMU notice of her intention to rescind her loan. WAMU ignored this request.

19. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant WAMU as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, Esq. #4019
P.O. Box 479

Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**
Plaintiff demands trial by jury

Christopher M. Lefebvre