**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROBIN D. MCCUSKER,<br>Plaintiff<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA<br>Defendant | C.A.:08-00144ML-LDA |

**ANSWER**

Now comes Washington Mutual Bank f/k/a Washington Mutual Bank, FA, as successor-in-interest to Long Beach Mortgage Company ("Defendant"), and hereby answers the Complaint as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff has attempted to state causes of action against Defendant as detailed in paragraph 1 of the Complaint, but denies that such claims are proper and further denies that Defendant committed any wrongdoing or that Plaintiff is entitled to any of the relief sought in the Complaint.

**JURISDICTION AND VENUE**

2. Admitted that this Court has subject matter jurisdiction based upon the allegations in the Complaint, but denied that any of the claims are properly raised against Defendant.

3. Admitted that venue in this District is proper, but denies that Defendant resides in this District, as pursuant to 12 U.S.C. § 1464(x), Defendant's "domiciliary" is Nevada, where its home office is located.

**PARTIES AND FACTS**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore leaves

Plaintiff to her proof.

5. Admitted that on or about October 28, 2005, Plaintiff obtained a loan from Long Beach Mortgage Company, a then-subsidiary of Defendant, which was secured by a mortgage on 2 Bobwhite Terrace, Richmond, RI.[1] Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint concerning the actual use of the loan proceeds or where Plaintiff's residence is and therefore leaves Plaintiff to her proof.

6. Admitted that Plaintiff received or signed all of the listed documents. Defendant denies that the attached Exhibit 1 is a true and accurate copy of the Notice of Right to Cancel provided to Plaintiff at the closing of the subject loan.

7. Defendant admits that Plaintiff attempted to exercise her purported right to rescind the loan on or about April 3, 2008, and that Defendant did not accept Plaintiff's request. Defendant denies that Plaintiff's request was proper or that Plaintiff is entitled to rescission under TILA. Defendant denies any remaining allegations in paragraph 7 of Plaintiff's Complaint.

**DEFENDANT**

8. Denied as written. Defendant is a federally-chartered savings institution with commercial locations throughout parts of the United States, having a home office in Henderson, Nevada, pursuant to 12 U.S.C. § 1464(x), and doing business in Rhode Island.

9. Admitted.

10. Paragraph 10 of Plaintiff's Complaint is a legal conclusion to which no response is required.

---

[1] The loan documents alternatively list the property as being in Wyoming, RI.

## COUNT I – TRUTH IN LENDING ACT

11. Defendant restates and realleges paragraphs 1 through 10 as if more fully stated herein.

12. Paragraph 12 of Plaintiff's Complaint is a legal conclusion to which no response is required. Moreover, 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 speak for themselves and are the best evidence of the terms thereof.

13. Paragraph 13 of Plaintiff's Complaint is a legal conclusion to which no response is required. Moreover, 12 C.F.R. § 226.23 speaks for itself and is the best evidence of the terms thereof..

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied. Because Plaintiff was without the right to rescind, Defendant denied her rescission request by letter dated April 16, 2008.

19. Paragraph 19 of Plaintiff's Complaint is a legal conclusion to which no response is required. Moreover, 15 U.S.C. § 1635(g) speaks for itself and is the best evidence of the terms thereof.

WHEREFORE, Defendant prays that this Honorable Court deny the relief requested by Plaintiff, dismiss the Complaint, award it its fees and costs and grant such other and further relief as is just.

## AFFIRMATIVE DEFENSES:

1. Plaintiff fails to state a cause of action for which relief can be granted.

2. If Plaintiff suffered any damages, which Defendant denies, her claims to relief are barred because such damages are a result of the conduct of another or others for whom Defendant is not responsible.

WASHINGTON MUTUAL BANK (AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY)

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
2364 Post Road, Suite 100
Warwick, RI 02886
(401) 681-1914
(401) 681-1910 FAX

DATED July 16, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON JULY 16 , 2008 A COPY OF THE FOREGOING ANSWER OF DEFENDANT WASHINGTON MUTUAL BANK WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

Christopher M. Lefebvre
P.O. Box 479
Pawtucket, RI 02862

/s/ Thomas J. Enright
Thomas J. Enright